IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**DANIEL DAVID FLETCHER**                                                              **PLAINTIFF**

V.                                        CASE NO. 5:17-cv-05138

**SHERIFF TIM HELDER, Washington
County, Arkansas; CORPORAL M.
HOWERTON; CORPORAL CORLEY;
SERGEANT BYRD; LIEUTENANT
REESER; and LIEUTENANT FOSTER**                                                       **DEFENDANTS**

## OPINION AND ORDER

This is a civil rights case filed by the Plaintiff, Daniel D. Fletcher, under the provisions of 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis* ("IFP"). He is currently incarcerated in the Arkansas Department of Correction, Delta Regional Unit. At all times relevant to this complaint, Plaintiff was incarcerated in the Washington County Detention Center ("WCDC"). He was convicted of a parole violation on January 23, 2017.

The Prison Litigation Reform Act ("PLRA") modified the IFP statute, 28 U.S.C. § 1915, to require the Court to screen complaints for dismissal under § 1915(e)(2)(B). The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or, (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

## I. BACKGROUND

According to the allegations of the Complaint (Doc. 1), on April 20, 2017, Corporal Howerton, during a pat-down search, used his thumb "to stick [Plaintiff's] anal opening not

once but twice . . . with enough force that it penetrated a little even with cloth[e]s on."

On April 21, 2017, during a search of the barracks, a strip search was conducted. During the strip search, Plaintiff alleges that instead of having him squat and cough, Corporal Corley had Plaintiff "turn around . . . bend over at the waist and spread [his] butt che[e]ks so [Corporal Corley] could stare at [Plaintiff's] anal opening for several minutes."

With respect to Sheriff Helder, Sergeant Byrd, Lieutenant Reeser, and Lieutenant Foster, Plaintiff alleges his grievance about Corporal Howerton and Corporal Corley that he submitted on April 23, 2017, did not get answered until June 18, 2017. Plaintiff maintains this violates his right to an unbiased and fair grievance procedure and demonstrates total indifference to his rights.

Plaintiff sues the Defendants in both their individual and official capacities. As relief, Plaintiff seeks compensatory and punitive damages.

## II. DISCUSSION

Under the PLRA, the Court is obligated to screen a case prior to service of process being issued. A claim is frivolous when it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court bears in mind, however, that when "evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94

(2007)).

Several of Plaintiff's claims are subject to dismissal. First, the claims regarding the visual body-cavity search are subject to dismissal. Convicted prisoners do not forfeit all their constitutional protections. See Hudson v. Palmer, 468 U.S. 517, 523 (1984). Prisoners are to "be accorded those rights not fundamentally inconsistent with imprisonment itself or incompatible with the objectives of incarceration." Id. However, "imprisonment carries with it the circumscription or loss of many significant rights . . . . The curtailment of certain rights is necessary, as a practical matter, to accommodate a myriad of institutional needs and objectives of prison facilities, chief among which is internal security." Id. at 524 (internal quotation marks and citations omitted).

In general, the Fourth Amendment prohibits unreasonable searches of persons. U.S. Const. amend. IV. "[P]rison inmates are entitled to Fourth Amendment protection against unreasonable searches of their bodies, although a prison inmate has a far lower expectation of privacy than do most other individuals in our society." Levine v. Roebuck, 550 F.3d 684, 687 (8th Cir. 2008)(internal quotation marks and citations omitted).

With respect to strip searches, the Supreme Court in Bell v. Wolfish, 441 U.S. 520, 559 (1979), held the Fourth Amendment was not violated by the practice of conducting visual body-cavity searches of pretrial detainees following contact visits. The Court cautioned that the searches must be conducted in a reasonable manner and that searches conducted in an abusive fashion could not be condoned. Id. at 560. Here, Plaintiff is a convicted prisoner and would have a lower expectation of privacy than the pretrial detainees at issue in Bell.

Plaintiff has alleged that the visual body cavity search was done as part of a routine search of the entire pod. Although he alleges the visual search went on for a minute or two, this is hardly the abusive fashion the Supreme Court had in mind in *Bell*. The search was done in the same place as the other searches. Plaintiff was not singled out. He was not physically touched. The facts alleged in the Complaint do not state a plausible Fourth Amendment claim against Corporal Corley.

Second, Plaintiff's claims regarding the grievance procedure are subject to dismissal. "[P]risoners have the constitutional right to petition the Government for redress of their grievances, which includes a reasonable right of access to the courts." *Hudson*, 468 U.S. at 523 (citing *Johnson v. Avery*, 393 U.S. 483 (1969)). However, it is well settled that inmates have no substantive constitutional right in detention center officials following grievance procedures. *See, e.g., Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)(no constitutional violation in failing to process all of the grievances submitted by a prisoner); *see also Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003)(no federal constitutional liberty interest in having prison officials follow state law or prison regulations). Clearly, if there is no constitutional right to have all grievances processed or responded to, there is no constitutional right to have grievances processed more quickly. Plaintiff's constitutional right of access to the courts was not impinged by Defendants' actions as is demonstrated by his filing of this action. Plaintiff has not stated a claim of constitutional dimension against Sheriff Helder, Sergeant Byrd, Lieutenant Reeser, and Lieutenant Foster.

Finally, Plaintiff's official capacity claims are subject to dismissal. "Claims against individuals in their official capacities are equivalent to claims against the entity for which

they work." *Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998)(citation omitted). "Official-capacity liability under 42 U.S.C. § 1983 occurs only when a constitutional injury is caused by a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Gladden v. Richbourg*, 759 F.3d 960, 968 (8th Cir. 2014)(internal quotation marks and citation omitted). Plaintiff has failed to allege the existence of a policy or custom that was the moving force behind the alleged constitutional violations.

### III. CONCLUSION

The claims against Corporal Corley, Sheriff Helder, Sergeant Byrd, Lieutenant Reeser, and Lieutenant Foster are subject to dismissal for failure to state plausible claims under § 1983. Therefore, all claims against these individuals are **DISMISSED WITHOUT PREJUDICE**. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (IFP action or any part of it may be dismissed at any time for failure to state a claim).

This leaves for later resolution the individual capacity claim against Corporal Howerton. The Complaint will be served on him.

**IT IS SO ORDERED** this 16th day of August, 2017.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE